VICENTE MACHUCA RIVERA, Plaintiff and Appellant, *v.* MUNICIPALITY OF RÍO PIEDRAS, Defendant and Appellee.

No. 5524.   Argued December 22, 1930.—Decided December 24, 1930.

*M. Tous Soto* for appellant.   *R. Rivera Zayas* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this case the appellee has moved for a dismissal of the appeal because the transcript of the record had not been filed in time.   The motion is opposed by the appellant, who states that an excusable mistake was made in computing a certain period of time and that there is pending in the district court a motion for the admission *nunc pro tunc* of the statement of the case presented.

The appeal was taken on October 20, 1930.   On the 29th, the appellant, through his attorney, applied to the court for an enlargement of thirty days of the statutory period to prepare the statement of the case, "making a total of forty days," and on November 6, 1930, the court granted the ex-

tension asked. On December 1, 1930, the appellant, through another attorney, applied for a further extension to prepare the statement and the court again granted the application.

If the last extension had been properly granted, the appellee's objections could not be sustained, as at the time its motion to dismiss was filed on December 4 the statement of the case would have been pending settlement in the district court, and it is well known that, where a statement of the case is used, the statutory period of thirty days for filing the transcript of the record in the Supreme Court begins to run from the approval of such trancript.

However, it is urged by the appellee that the said extension was a mere nullity because it was granted by the district court after the expiration of the time previously allowed by its former order of November 6, 1930. That is so, indeed, according to the facts shown and the constant jurisprudence of this court, since the appeal having been taken on October 20, the statutory period of ten days expired on the 30th of the same month, and the extension of thirty days, making with the ten days of the statute the forty-day period applied for and granted, expired on November 29. When on the 1st of the following December the appellant applied for a second extension and the court granted the same, the court had lost jurisdiction to act, in accordance with several decisions of this court. See, among others, the cases of *Díaz* v. *P. R. Railway, Light & Power Co.*, 32 P.R.R. 89, and *Alvarez et al.* v. *District Court of Mayagüez*, 36 P.R.R. 834.

The appellant himself seems to admit this and says that having made an excusable mistake due to confusion on his part, as he thought that the forty days granted did not include the statutory period, he has filed the statement of the case and has requested the district court to admit the same *nunc pro tunc*. The legal situation remains unchanged. The decisions of this court on this point hold that district courts have no power in cases such as this to grant new extensions and that such power resides in the Supreme Court.

By reason of the foregoing, the case stands as if there was no statement of the case, and as then the thirty-day period for filing the transcript of the record in the Supreme Court must be computed from October 20, when the appeal was taken, and the transcript was not so filed, it is evident that the appellee is right, and therefore the appeal must be dismissed.